# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2022 CA 1310

STEPHEN D. FAUCHEUX

VERSUS

CUMULONIMBUS, L.L.C. AND REPUBLIC
FIRE AND CASUALTY INSURANCE COMPANY

Judgment Rendered: _____ JUL 2 7 2023

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2018-15217
Honorable William H. Burris, Judge Presiding

* * * * * *

Darryl J. Carimi
Bush, Louisiana
and
Amanda Sansone
Covington, Louisiana

Counsel for Plaintiff/Appellant
Stephen D. Faucheux

Reed S. Minkin
Michael R. Sistrunk
Covington, Louisiana

Counsel for Defendants/Appellees
Cumulonimbus, L.L.C. and Republic Fire
and Casualty Insurance Company

René Paul Frederick
Jeanne M. Mauldin
Covington, Louisiana

Counsel for Intervenors/Appellees
René Frederick and René Frederick and
Associates, L.L.C.

* * * * * *

**BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.**

**McCLENDON, J.**

Plaintiff appeals the trial court's judgment granting the motion for summary judgment filed by defendant-landowner and its insurer and dismissing all claims against them with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 10, 2018, plaintiff, Stephen D. Faucheux, was riding a four-wheeler on property owned by defendant, Cumulonimbus, L.L.C. ("Cumulonimbus"), in Folsom, Louisiana when he was "clothes-lined" by a wire sagging down from an overhead structure and across an opening in a de-electrified cattle fence. Mr. Faucheux was allegedly thrown from the four-wheeler to the ground and suffered serious injuries to his lower back as a result of the accident. Mr. Faucheux filed a petition for damages against Cumulonimbus and its insurer, Republic Fire and Casualty Insurance Company[1] (collectively referred to as "Defendants"), on October 25, 2018. Therein, Mr. Faucheux alleged Cumulonimbus breached its duty of care to keep its property in a reasonably safe condition and that its breach of that duty was the sole and proximate cause of his injuries.

Defendants filed a motion for summary judgment on March 7, 2022. Defendants asserted that Mr. Faucheux would be unable to prove that Cumulonimbus had actual or constructive knowledge of the sagging wire at any time before the date of the alleged incident or that the wire created an unreasonable risk of harm. Accordingly, Defendants sought dismissal of all of Mr. Faucheux's claims against them. In support of their motion, Defendants attached a statement of uncontested material facts; the petition for damages; the deposition transcript of Kenneth Roberts, who is an owner/shareholder of Cumulonimbus; the deposition transcript of Mr. Faucheux; and Defendants' responses to Mr. Faucheux's interrogatories. Mr. Faucheux opposed the motion and attached his own affidavit as well as the affidavit and expert report of Louis A. Sandoz, III, an electrical engineer. Mr. Faucheux's opposition to the motion largely relied on Mr. Sandoz's opinion that it was a violation of known safety standards to construct the fence and gate with live

---

[1] Republic Fire and Casualty Insurance Company was incorrectly identified as Amtrust North America, Inc. in the original petition. Mr. Faucheux filed a first amending and supplemental petition naming Republic Fire and Casualty Insurance Company as a defendant. Amtrust of North America, Inc. was subsequently dismissed from the case without prejudice.

electric wires suspended over the opening, and that the failure of Cumulonimbus to follow those safety standards was the primary cause of Mr. Faucheux's injuries.

After a hearing, the trial court granted Defendants' motion, finding that Mr. Faucheux would be unable to prove Cumulonimbus had notice of the defective condition. On June 30, 2022, the trial court signed a judgment memorializing its ruling and dismissed Mr. Faucheux's claims against Defendants with prejudice. The trial court later issued reasons for judgment at Mr. Faucheux's request and declared that "the plaintiff failed to provide factual support sufficient to establish he can satisfy his evidentiary burden at trial that the defendants had actual or constructive notice that the wire, which was installed many years prior to the incident sued upon herein, had fallen creating a hazardous condition." Mr. Faucheux appealed.

## LAW

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). The mover bears the burden of proving that he is entitled to summary judgment. LSA-C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. **Id.** Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. **Id.** The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. **Jones v. Whips Electric, LLC**, 2022-01035 (La. 11/22/22), 350 So.3d 846, 849. A ruling on a motion for summary judgment is reviewed under a *de novo* standard, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, i.e., whether there

3

is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. **Id.**

Generally, an owner or custodian of property has a duty to keep such property in a reasonably safe condition. **Cheramie v. Port Fourchon Marina, Inc**, 2016-0895 (La.App. 1 Cir. 2/17/17), 211 So.3d 1212, 1215, writ denied, 2017-0499 (La. 5/12/17), 221 So.3d 73. This duty is the same whether based on custodial liability under LSA-C.C. art. 2317.1 or negligence under LSA-C.C. art. 2315. See **Id.** Under either theory, the plaintiff has the burden of proving that (1) the property that caused the damage was in the defendant's custody; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause-in-fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. **Id.** Actual or constructive knowledge (or notice) of the defect means that the party either knew of the defect or, in the exercise of reasonable care, should have known of the defect. **Batiste v. Erin Covington, LP**, 2019-0261 (La.App. 1 Cir. 12/11/19), 291 So.3d 710, 715.

### DISCUSSION

Our *de novo* review of the record reveals no evidence that Cumulonimbus had actual or constructive notice of the sagging wire, which allegedly created an unreasonable risk of harm. In support of their motion, Defendants offered the deposition testimony of Mr. Roberts, who testified that he visits the property weekly and rides the perimeter fences of the property before he leaves. Mr. Roberts stated that he did not see the alleged unreasonably dangerous condition on the property nor did he know of anyone who saw it.[2] Defendants also attached their responses to Mr. Faucheux's interrogatories, wherein Defendants answered "none" when asked if they were aware of any previous or subsequent incidents on the property that occurred in substantially the same manner as the incident involving Mr. Faucheux.

Similarly, when Mr. Faucheux was asked during his deposition if he knew whether Cumulonimbus knew about the sagging gate wire before the accident, he responded,

---

[2] However, Mr. Roberts stated the subject fence was located in the interior portion of the property.

4

"They said they did not." Mr. Faucheux also testified that he was on the same part of the property the day before the accident and, as far as he was aware, the wire was intact until the day of his accident.[3] Further, Mr. Faucheux testified that he was unaware of any other incidents involving the wire before the date of the incident and did not know if anybody else had a problem with the wire on the gate before the incident. Mr. Faucheux did not know if Cumulonimbus received any prior complaints about the gate wire. We find this evidence satisfied Defendants' burden of pointing out an absence of factual support for the knowledge element of Mr. Faucheux's claim. Therefore, the burden shifted to Mr. Faucheux to establish that he could satisfy his burden of proof at trial. See LSA-C.C.P. art. 966(D)(1).

In opposition to Defendants' motion, Mr. Faucheux offered Mr. Sandoz's affidavit and expert report. Mr. Sandoz noted that Mr. Faucheux told him the wire at issue was electrified years ago as part of a cattle fence, but the structure suspending the wire overhead remained after the wire was de-energized some years later. Mr. Sandoz stated all standard electric fence installation best practices call for burial of an electrified wire, as opposed to suspension along an overhead structure like the wire at issue, in order to protect against accidents involving traffic through an open fence line. Mr. Sandoz opined that the failure of Cumulonimbus to follow these construction and safe practices guidelines was the primary cause of Mr. Faucheux's injuries.[4] However, we find Mr. Sandoz's opinion does not establish Cumulonimbus had actual knowledge of the alleged defect. It was not the overhead installation of the wire many years ago that caused Mr. Faucheux's accident but rather the fact that the wire was sagging. Mr. Faucheux failed to offer any evidence sufficient to establish Cumulonimbus had actual knowledge that the wire was sagging.

---

[3] We note that a landowner owes no duty to warn of non-apparent defects on the property. See **Batiste**, 291 So.3d at 715; **Ladner v. Trinity Group, Ltd.**, 45,937 (La.App. 2 Cir. 2/16/11), 57 So.3d 1197, writ denied, 2011-0580 (La. 4/29/11), 62 So.3d 115.

[4] We note that the evidence establishes that Mr. Faucheux, along with his late father, constructed the structure running the wire overhead. Mr. Faucheux's father had a "keeper-of-the-keys-type agreement" with Mr. Roberts' father, whereby he received payment to "watch over" the property. Mr. Faucheux testified that he started helping his father on the property when he was a teenager, and he admitted to working with his father to put up the gate and the electric wire where the incident occurred.

Mr. Faucheux also asserts that Cumulonimbus should have known of the alleged defect. This concept of constructive knowledge under LSA-C.C. art. 2317.1 imposes a reasonable duty to discover apparent defects in the thing in the defendant's garde or legal custody. **Batiste**, 291 So.3d at 715. Constructive notice may be shown by facts demonstrating the defect or condition existed for such a period of time that it would have been discovered and repaired had the owner exercised reasonable care. **McDowell v. Feldman**, 2021-0462 (La.App. 1 Cir. 12/22/21), 341 So.3d 71, 75, writ denied, 2022-00158 (La. 3/15/22), 334 So.3d 394.

In opposition to Defendants' motion, Mr. Faucheux attached his own affidavit, in which he averred that the last time before the accident that he rode a four-wheeler through the opening in the fence, the wire was "suspended high in the air between the two posts on either side of the opening that had been in place for years," and "[i]t wasn't until after his injury that [he] realized that the area on both sides of the fence opening had been worked on and cleared of brush and vines." In his affidavit, Mr. Faucheux stated his belief that it was during this brush-clearing activity that the wire was dislodged, causing it to hang low. However, this portion of Mr. Faucheux's affidavit is merely speculation, and unsupported speculation does not warrant a finding of a genuine issue of material fact. See **Id.** at 76. Indeed, the evidence attached to Defendants' memorandum in support of their motion for summary judgment establishes otherwise. Mr. Roberts testified that he did not trim any bushes around the fence opening, nor did he hire anyone to do so prior to the accident. Mr. Roberts also stated that, to his knowledge, Mr. Faucheux was the only person who was on the property in the last four or five years prior to the accident other than family. Further, in light of Mr. Faucheux's attestation that he believed the wire to be intact until the day of his accident, Mr. Faucheux failed to establish that the sagging wire existed over a sufficient length of time that Cumulonimbus should have discovered it with reasonable diligence and corrected the problem. See **Id.** at 75-76. For all of these reasons, we find Mr. Faucheux failed to establish a genuine issue of material fact regarding the knowledge element of his claim.

Because the record reveals an absence of factual support for the essential element of actual or constructive knowledge of an allegedly hazardous condition by

6

Cumulonimbus, we find that the trial court did not err in granting summary judgment in Defendants' favor. Furthermore, since there is an absence of evidence to meet Mr. Faucheux's burden of proof regarding knowledge, we need not consider whether the evidence created an issue of fact as to any other element of his negligence claim. See **Id.** at 75.

## CONCLUSION

The trial court's judgment in favor of Cumulonimbus, L.L.C. and Republic Fire and Casualty Insurance Company and dismissing Stephen D. Faucheux's claims against them with prejudice is affirmed. All costs of this appeal are assessed to plaintiff/appellant, Stephen D. Faucheux.

**JUDGMENT AFFIRMED.**